UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

YASMIN SMITH,

        Plaintiff,

   v.

COUNTRYWIDE HOME LOANS, BANK OF AMERICA HOME LOANS, COUNTRYWIDE BANK, FSB, RECONTRUST COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., DEBRA DELGADO, and DOES 1-20 inclusive,

        Defendants.
_____/

Civ. No. S-09-607 FCD/KJM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter is before the court on the motion of defendants Countrywide Bank, NA, Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc., BAC Home Loans Servicing, L.P., and Bank of America, N.A. to dismiss plaintiff Yasmin Smith's ("plaintiff") second amended complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  On February 23, 2010, plaintiff filed an opposition to defendants' motions to

dismiss, which included a statement of non-opposition to dismissal of plaintiff's claims under the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA").[1] (Pl.'s Opp'n Mot. Dismiss, filed Feb. 23, 2010, 8:16-19, 12:8-11.) Accordingly, plaintiff's TILA and RESPA claims are dismissed. See, e.g. Fed. R. Civ. Pro. 41(a); Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003) (defendant's filing of a motion to dismiss, pursuant to FRCP 12(b), does not prevent the plaintiff from later filing a voluntary dismissal).

Dismissal of the TILA and RESPA claims leaves the complaint devoid of any federal claims. The remaining claims are state law claims for negligence, violation of the California Rosenthal Act, breach of fiduciary duty, fraud, violation of California Business and Professions Code §§ 17200 *et seq.*, breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful foreclosure. (Pl.'s Second Am. Compl. ("Compl.").)

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted). Further, primary responsibility for

---

[1] Under the heading "Plaintiff's First Cause of Action for Violation of TILA," plaintiff states that she does not oppose "Defendants' Motion to Dismiss the RESPA Cause of Action." Later, plaintiff uses the same language under the heading "Fourth Cause of Action for Violation of RESPA." The court interprets the first statement, as well as the lack of any argument relating to the TILA claim, as a non-opposition to defendants' motion to dismiss plaintiff's TILA claim.

2

1  developing and applying state law rests with the state courts.
2  Therefore, when federal claims are eliminated before trial,
3  district courts should usually decline to exercise supplemental
4  jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,
5  350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d
6  1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which
7  federal-law claims are eliminated before trial, the balance of
8  factors . . . will point toward declining to exercise
9  jurisdiction over the remaining state law claims.")(quoting
10 Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In
11 accordance with 28 U.S.C. § 1367(c), the court declines to
12 exercise supplemental jurisdiction over plaintiff's remaining
13 state law claims.
14     Accordingly, plaintiff's complaint is DISMISSED without
15 prejudice.
16     IT IS SO ORDERED.
17 DATED: March 2, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE